ABRAHAM & STRAUS, INC., PÉTITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31709.   Promulgated January 14, 1931.

*Fred L. Van Dolsen, Esq.*, for the petitioner.
*Ralph S. Scott, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The sole issue in this case is the claim of the petitioner, under sections 212 (d) and 1208 of the Revenue Act of 1926, for a recomputation of its income from installment sales. The evidence clearly shows and it is not in dispute that the petitioner regularly sells merchandise on the installment plan. The accounting period of the petitioner is a fiscal year, ending January 31, and it is on the accrual basis. The original returns filed by the petitioner for the taxable years reported the entire profits from all sources, including the installment sales, without deferment of income attributable to installment accounts receivable.

Article 42 of Regulations 69 permits the acceptance of amended returns, provided the books of account contain adequate information so that income may be accurately computed on the installment basis. The objections of the respondent are directed to the accounts of the petitioner and to the method now proposed by the petitioner for the reporting of its income from the installment sales.

Setting aside, for the moment, details in controversy between the parties with respect to the computation of income from the installment sales, we find that the ultimate proposal of the petitioner is to ascertain for each year the summary average rate per cent of gross profit applicable to the aggregate installment sales for the year and to consider as unrealized income the same rate per cent of the aggregate of the installment accounts receivable oustanding

at the end of the year. It is important to note, however, that the average rates of gross profit as computed by the petitioner vary from year to year. No attempt is made to show, with respect to the accounts receivable, the year in which the unpaid sales were made. While the evidence shows that the installment sales were made with agreed periods of deferment of relatively short terms, not less than eight months nor more than twelve months, this is not sufficient to show that the unpaid installment accounts at the end of any year represent only sales made during that same year. It may be contended that any amounts of unpaid installments after a period of a year would be small and inconsequential in view of the method of collection pursued, but we can not assume that such amounts would not materially affect income. It may be that large sales were made in December of any year on which purchasers were allowed 12 months in which to pay. If any of these payments were in default even under the petitioner's collection system they might have been delayed until the next year. We are left without evidence as to the amounts which might have been delayed in collection. We are of opinion that the rate of gross profit properly applicable to the installment sales of any one year should be consistently applied to such sales so long as they remain unpaid, in reporting on the installment basis. It is not sufficient to argue that the method proposed will result in the ultimate reporting of the entire profits. The tax is imposed upon the basis of the net incomes of annual accounting periods, and the very heart of this issue is the determination of the net incomes of the respective taxable years. We are appreciative of the human impossibility of meticulous exactness in the computation of net incomes, but we think the method proposed stretches beyond the limits of the reasonable accurateness contemplated by the statute.

The petitioner relies upon *Warren Reilly*, 7 B. T. A. 1327, in support of the method it proposes. Our approval of the method used in that case can not serve as a basis for the materially different method proposed in the instant case.

We, therefore, conclude that the petitioner has not shown by a preponderence of the evidence that the respondent's method of computing the taxable income is incorrect.

Reviewed by the Board.

*Judgment will be entered for the respondent.*